IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| MICHAEL PRATT<br>5210 E Street, S.E., Apt. 12<br>Washington, D.C. 20019<br><br>　　　Plaintiff<br><br>　　　v.<br><br>UNITED STATES OF AMERICA<br><br>Serve:　The Honorable Eric Holder<br>　　　　Attorney General of the United States<br>　　　　Tenth St. and Constitution Ave., NW<br>　　　　Washington, D.C. 20530<br><br>　　　　The Honorable Ronald C. Machen, Jr.<br>　　　　United States Attorney for the<br>　　　　District of Columbia<br>　　　　555 4th Street, NW<br>　　　　Sixth Floor<br>　　　　Washington, DC 20001<br><br>　　　Defendant | C.A. No.:<br>Judge:<br>Calendar: |

## COMPLAINT
(Federal Tort Claims Act/Negligence)

1. Jurisdiction is founded in this Court based upon 28 U.S.C. §1346(b), 1402(b), & 2671 *et seq.* whereby jurisdiction is granted to persons sustaining injuries in the District of Columbia caused by a negligent act of omission in the District of Columbia.

2. Pursuant to the Federal Tort Claims Act, 28, U.S.C. §2675, Plaintiff Pratt, has submitted Standard Form 95, (Claim for Damage, Injury or Death) to the United States Department of Justice and the United States Capitol Police, who denied his claim.

3. Plaintiff, is a resident of the District of Columbia.

4. At all relevant times herein, Defendant United States of America, owned the property where the subject incident occurred, and operated, through it's employee, the subject barricade.

5. That on or about February 25, 2013, Plaintiff was riding his bicycle on the U.S. Capitol grounds, Washington, D.C., near the north barricade. At that time and place, Defendant United States of America owned and then carelessly and negligently operated by and through its agent, servant and/or employee a barricade which was abruptly raised just as the Plaintiff was crossing the area, causing a collision in which Plaintiff sustained major and permanent personal injuries as hereinafter set forth.

6. Defendant, United States of America, through it's employee, servant, and/or agent, owed a duty to plaintiff, to exercise reasonable care in the operation of the barricade; to pay full time and attention; to maintain proper control of the barricade; to keep a proper lookout for other vehicles; to warn vehicles when raising the barricade; to operate the barricade in a manner to avoid colliding with a vehicle; and to observe all rules and regulation then and there in effect. The Plaintiff was without any negligence in the premises or contributing thereto.

7. This accident was the direct and proximate result of the negligence of defendant, United States of America, in that he failed in all of the duties above described by failing to exercise reasonable care in the operation of the barricade; failing to pay full time and attention; failing to maintain proper control of the barricade; failing to keep a proper lookout for vehicles; failing to warn vehicles when raising the barricade; by failing to operate the barricade to avoid a collision with a vehicle; and by failing to observe all rules and regulations then and there in effect.

8. As a direct and proximate result of the negligence of the Defendant, Plaintiff

sustained major and permanent injuries to his mind, body and nervous system, all of which are permanent in nature and he has further in the past and will continue in the future to incur large medical expenses in the care and treatment if his injuries as aforesaid and he has further in the past and will continue in the future to lose time from gainful employment, all as a result of the negligence of the Defendant.

WHEREFORE, the premises considered, Plaintiff brings this action and demands Judgment against Defendant United States of America in the sum of One Hundred and Fifty Thousand Dollars ($150,000.00) plus interest and the costs of this action.

Respectfully Submitted,

Ashcraft & Gerel, LLP

Jerry Spitz, #413137
2000 L Street, NW #400
Washington, D.C. 20036
202-783-6400
Jspitz@ashcraftlaw.com
Attorney for Plaintiff